**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2436
_____

HEMA RASANJALI DISSANAYAKE,
a/k/a Hema Hemel,
a/k/a Hena Fernando Baddarage,
a/k/a Hema Rasanjali,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A087-634-361)
Immigration Judge:  Honorable Rodger C. Harris
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2013

Before:  FISHER, GARTH and ROTH, Circuit Judges.

(Opinion filed: January 31, 2013)
_____

OPINION
_____

PER CURIAM

Hema Dissanayake, a citizen of Sri Lanka, petitions for review of a Board of

Immigration Appeals (BIA) decision denying her applications for relief from removal and ordering her deported. We will deny the petition.

Dissanayake, who entered the United States as a visitor for pleasure, overstayed her visa and was placed into removal proceedings. She applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), alleging a pattern of politically motivated mistreatment in her home country. An Immigration Judge (IJ) denied Dissanayake's applications for relief, finding that her testimony was not credible and that she had not otherwise met her burden of showing either past or likely future persecution or torture. Administrative Record (A.R.) 94-96. The BIA affirmed and denied Dissanayake's motion to remand. This petition for review followed.[1]

Having carefully considered the record, we agree with the Government that the BIA's alternative holding, which denied relief even assuming Dissanayake's credibility, is supported by substantial record evidence; we therefore need not reach the agency's

---

[1] We have jurisdiction under 8 U.S.C. § 1252(a) to review the BIA's decision, although we may review the IJ's determination to the extent that the BIA relied upon it. See Oliva-Ramos v. Att'y Gen., 694 F.3d 259, 270 (3d Cir. 2012). Only issues that have been fully exhausted before the agency are reviewable. Castro v. Att'y Gen., 671 F.3d 356, 365 (3d Cir. 2012) (citing 8 U.S.C. § 1252(d)(1)). Similarly, we will not consider issues or claims that were not raised in a petitioner's opening brief. Garcia v. Att'y Gen., 665 F.3d 496, 502 (3d Cir. 2011). "Our review of factual findings, including findings of persecution and fear of persecution, is for substantial evidence, which means we must uphold findings of fact unless the record evidence compels a contrary finding." Yuan v. Att'y Gen., 642 F.3d 420, 425 (3d Cir. 2011).

adverse credibility determination. With regard to past persecution,[2] Dissanayake represented that political troubles had begun for her family in 2004, when she began to receive telephonic death threats from supporters of an opposition party. We have recognized that death threats can rise to the level of persecution, but only if they are "so menacing as to cause significant actual suffering or harm." Gomez-Zuluaga v. Att'y Gen., 527 F.3d 330, 341 (3d Cir. 2008) (quotation marks omitted). The threats in this case, while undoubtedly alarming, did not rise to that level. The record reflects that, after brief periods away from their home, Dissanayake and her family were able to resume their normal lives after political tensions waned. See, e.g., A.R. 13-33, 538.

A later incident was more immediate and troubling than the earlier threats, and resulted in actual harm: in 2007, after Dissanayake's husband was photographed attending an anti-regime protest in California, the couple was arrested, detained for a period of days, and assaulted. Specifically, her husband was beaten severely, while she was "hit . . . two or three times," but hard enough so that she "fell [to] the ground." A.R. 139-40, 539-40. The BIA reasonably concluded, however, that Dissanayake's

---

[2] Dissanayake does not appear to have squarely contested the IJ's past persecution finding before the BIA. See A.R. 44-57 (appellate brief). Further, the petitioner's two briefs contain inconsistent arguments regarding past persecution. Compare Pet'r's Br. 24 (arguing that the agency erred in its past-persecution finding), with Pet'r's Reply Br. 6 ("First of all the Petitioner would like to point out that she is not arguing that the threat/harm to which she was subjected constitute[d] past persecution."). Because the BIA sua sponte reached the question of past persecution, we will review the matter regardless. See Lin v. Att'y Gen., 543 F.3d 114, 126 (3d Cir. 2008) (retaining jurisdiction to review claims not raised before the agency but nevertheless addressed by it).

mistreatment did not amount to persecution, because her injuries were not severe and did not require medical attention.  See Kibinda v. Att'y Gen., 477 F.3d 113, 119-20 (3d Cir. 2007) (concluding that five-day detention resulting in minor injury did not amount to persecution).  We are therefore not compelled to reverse the BIA's ruling on past persecution.

With regard to future persecution, the BIA concluded that Dissanayake "ha[d] not established the reasonable possibility that she will be persecuted upon her return to Sri Lanka at least in part because of her political opinion."  A.R. 4.  The agency appropriately relied on the State Department report, as well as Dissanayake's evidentiary proffer, to reach this result, and Dissanayake has not pointed to anything that would undermine it.

Dissanayake also argues that that IJ failed to conduct the three-step corroboration inquiry that we set forth in Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001).  She raised this argument in her "motion to remand" only, but has not separately challenged the denial of that motion on review.  We nevertheless agree that, as the BIA concluded, the supplemental evidence she sought to submit was cumulative and, in part, immaterial.  Finally, we agree with the BIA that she has not met her burden for withholding or CAT relief.  See Valdiviezo-Galdamez v. Att'y Gen., 663 F.3d 582, 591–92  (3d Cir. 2011); Toure v. Att'y Gen., 443 F.3d 310, 317 (3d Cir. 2006).

For the foregoing reasons, we will deny the petition for review.  Dissanayake's motion to file her reply brief out of time is granted.

4